IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IdealPro Software, LLC, an Arizona limited liability company,<br><br>               Plaintiff,<br><br>vs.<br><br>Furtmann Bros., LLC, an Arizona limited liability company; Mark Furtmann and Gina Furtmann, husband and wife; Michael Furtmann and Lori Furtmann, husband and wife,<br><br>               Defendants.<br><br>Furtmann Bros., LLC, an Arizona limited liability company; Mark Furtmann and Gina Furtmann, husband and wife; Michael Furtmann and Lori Furtmann, husband and wife,<br><br>               Counter-claimants,<br><br>vs.<br><br>IdealPro Software, LLC, an Arizona limited liability company,<br><br>               Counter-defendant. | No. CV-13-1301-PHX-JWS (LOA)<br><br>**ORDER** |

      Pending before the Court is Plaintiff IdealPro Software, LLC's ("IdealPro") Motion for Preliminary Relief ("Motion"), requesting, *inter alia*, the Court order preliminary injunctive relief, impoundment of the infringing IDEAL copies in the possession of Defendants, and set evidentiary hearing. (Docs. 9, 26) Defendants Furtmann Bros., LLC,

Mark Furtmann, Gina Furtmann, Mike Furtmann, and Lori Furtmann (collectively "Defendants") opposed IdealPro's Motion for Preliminary Relief and responded that IdealPro was not entitled to any relief. (Doc. 19)

Pursuant to agreements reached during and subsequent to the September 5, 2013 Rule 16(b) conference held before Magistrate Judge Lawrence O. Anderson, doc. 33, all parties have stipulated and agreed to take the following action with respect to the Ideal Scheduling Program, the alleged infringement of the copyright, doc.1-2, of which formed the basis of IdealPro's Motion.

Pursuant to stipulation and good cause appearing,

**IT IS ORDERED** as follows:

1. For purposes of this Order, the term "IDEAL" shall mean the Ideal Scheduling Program licensed by Defendant Furtmann Bros., LLC on January 1, 2007, and all subsequent versions, modifications, alterations, improvements, upgrades or other changes of any kind or nature without regard to who paid for such changes or who was or is the author, programmer, inventor or owner of such changes.

2. Defendants Furtmann Bros., LLC, Mark Furtmann, Gina Furtmann, Mike Furtmann, and Lori Furtmann (collectively "Defendants"), and all persons and entities acting in concert with them, are hereby preliminarily enjoined and restrained from:

   a. marketing, selling, offering for sale, leasing, licensing or distributing all or any portion of IDEAL or other software derived in any way therefrom;

   b. distributing, selling, providing access to, or otherwise making public or known to any third party the source code for IDEAL or any part thereof, including without limitation the programming code and/or instructions; and

   c. deleting, erasing, destroying or otherwise disabling any relevant or potentially relevant evidence to the claims alleged in this case including, but not limited to the source code or any programming instructions for IDEAL or IDEAL derivatives, except as set forth in paragraph 8 of this Order.

3. Defendants and all persons and entities acting in concert with them are hereby ordered to:

    a. take reasonable measures to ensure that the component parts of IDEAL are secure from inadvertent disclosures to third parties and not in any way accessible to third parties by any means;

    b. preserve all electronic copies of IDEAL, the computer hard drives on which IDEAL resides, and computer disks, compact flash cards, and other media, and articles upon which copies are recorded, saved or maintained;

    c. preserve all computer equipment, duplication equipment, and other means of reproducing IDEAL;

    d. preserve all computer programs used to duplicate IDEAL and the computers, computer disks, media, and other articles upon which programs are recorded, saved or maintained;

    e. preserve all materials, computer equipment, computer programs, documents, information, communications, and other articles that could be used to wipe, delete, disable, or otherwise alter any evidence of actions prohibited hereunder; and,

    f. preserve all other electronic evidence not specifically listed herein that is relevant to the claims in this matter; and

    g. file **under seal** with the Clerk of Court and provide to Plaintiff's counsel a copy, in electronic format, of IDEAL as currently used by Defendants no later than **5:00 p.m. Wednesday, September 25, 2013**.

4. All parties have stipulated and agreed to participate in, and be bound by, the arbitration and the decision of the mutually agreed-upon arbitrator, Charles Jirauch, Esq., the subject of which is discussed pursuant to a Stipulation, doc. 34, filed on September 16, 2013.

5. This Order shall apply to Defendants' activities wherever located.

6. Defendants, and any persons or entities controlled directly or indirectly by it or any of them, are hereby enjoined and restrained from having any involvement with or holding any

1  investment or financial interest in any enterprise that it, he or she knows is engaging in any
2  of the activities prohibited by this Order.

3      7. In the event that Defendants, or any of them, become aware that an enterprise in
4  which it, he or she has an investment or financial interest is engaged in any of the activities
5  prohibited by this Order, Defendants must immediately notify IdealPro of the same in
6  writing.

7      8. Defendants must document in writing each and every change, alteration, or
8  modification to the disputed IDEAL *pendente lite*, when it was changed, by whom, and the
9  reason(s) why each change, alteration, or modification is made contemporaneous with each
10 change, alteration, or modification. Defendants must promptly provide Plaintiff's counsel
11 with the documentation of each change, alteration, or modification.

12     9. If Defendants authorize a non-party to have access to the disputed IDEAL *pendente*
13 *lite* for any reason, such non-party must sign a protective agreement agreed upon as to form
14 and content by the parties' counsel. If the parties are unable to agree upon the protective
15 agreement's form and content, the issue must be promptly submitted to the arbitrator for
16 resolution before the non-party is granted access to the disputed IDEAL.

17     10. The District Court of Arizona hereby retains jurisdiction over this action to
18 entertain such further proceedings and enter such further orders as may be necessary or
19 appropriate to implement and/or enforce the provisions of this Order or the Federal
20 Arbitration Act.

21     **IT IS FURTHER ORDERED** as follows:

22     1. The parties are directed to submit this matter to arbitration consistent with the terms
23 of their stipulation and the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*.

24     3. Upon completion of the arbitration proceedings, the parties are directed to comply
25 with the provisions of 9 U.S.C. §§ 9-13, as applicable.

26     4. This action is **STAYED** pursuant to 9 U.S.C. § 3 pending completion of the
27 arbitration process until further order of the Court.

28

5. The parties shall file a Joint Status Report, on or before **Friday, December 6, 2013,** concerning the status of the progress toward the arbitrator's decision which shall include a summary of the arbitration proceedings to date after the entry of this Order or this action may be dismissed without prejudice for lack of prosecution. *See* Rule 41(b), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that Plaintiff IdealPro Software, LLC's Motion for Preliminary Relief, doc. 9, and Motion to Set Evidentiary Hearing, doc. 26, are **DENIED** as moot.

DATED this 23rd day of September 2013.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE